IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEE W. MORRIS** and **DOROTHY J. MORRIS**, individuals, | Case No. 3:12-cv-01183-HU |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **NORTHWEST TRUSTEE SERVICES, INC.**, a Washington state profit corporation; **JPMORGAN CHASE BANK, N.A.,** a nationally chartered bank and by purchase a/k/a **WASHINGTON MUTUAL BANK, FA,** a federal savings bank, | |
| Defendants. | |

Thomas H. Cutler, HARRIS BERNE CHRISTENSEN LLP, 5000 S.W. Meadows Road, Suite 400, Lake Oswego, OR 97035. Of Attorneys for Plaintiffs.

Michael J. Farrell and Bruce C. Hamlin, MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP, 888 S.W. Fifth Avenue, Suite 900, Portland, OR 97204. Of Attorneys for Defendant JPMorgan Chase Bank, N.A.

John M. Thomas, RCO Legal, P.C., 511 S.W. Tenth Avenue, Suite 400, Portland, OR 97205. Of Attorneys for Defendant Northwest Trustee Services, Inc.

**Michael H. Simon, District Judge.**

Plaintiffs, Lee W. Morris and Dorothy J. Morris, filed suit in state court against Defendants Northwest Trustee Services, Inc. ("NWTS") and JPMorgan Chase Bank, N.A. ("Chase") seeking: (1) declaratory relief invalidating the non-judicial foreclosure sale of their property and quieting title in favor of Plaintiffs; and (2) injunctive relief enjoining Defendants from proceeding with any action to dispossess Plaintiffs of their property. Defendants timely removed this case to federal court. Both Defendants now move for summary judgment against Plaintiffs' claims. For the following reasons, Defendants' motions are granted.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

In February 2006, Plaintiffs obtained a loan (the "Loan") originated by Washington Mutual Bank, FA, ("WaMu") and signed a promissory note (the "Note") secured by a trust deed

PAGE 2 – OPINION AND ORDER

(the "Deed of Trust") to purchase their home in Washington County, Oregon. The Deed of Trust identified WaMu as both the lender and the beneficiary. In September 2008, the Federal Deposit Insurance Corporation seized WaMu and sold its assets to Chase. Chase currently holds the Note, which is endorsed in blank. Chase appointed NWTS as trustee of Plaintiff's loan in March 2009.

In August 2008, Plaintiffs defaulted on their loan by failing to make the required monthly mortgage payments. A notice of default was recorded on August 17, 2011. The notice of default named Chase as the beneficiary on the loan. Plaintiffs do not dispute that they were served with the statutorily-required notice of foreclosure. Plaintiffs' home was sold at a foreclosure sale on January 11, 2012. More than four months later, on June 4, 2012, Plaintiffs filed this action.

## DISCUSSION

### A.  Judicial Notice

Defendants move for judicial notice of multiple documents related to Plaintiffs' foreclosure and bankruptcy proceedings. Plaintiffs did not file any opposition to Defendants' request for judicial notice. Because the documents about which Defendants seek judicial notice are part of the public record and their accuracy cannot reasonably be questioned, judicial notice is proper. *See* Fed. R. Evid. 201(b); *see also Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (facts contained in public records are ordinarily considered appropriate subjects for judicial notice). Accordingly, Defendants' request for judicial notice (Dkt. 65) is granted.

### B.  Plaintiffs' Claims

The Oregon Trust Deed Act ("OTDA"), Or. Laws 1959, ch. 625, codified at Or. Rev. Stat. (hereinafter "O.R.S.") § 86.705 to O.R.S. § 86.815, provides an alternative to the judicial foreclosure process. Where a trust deed is used to secure a loan, the trust deed "conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor

or other person named in the deed owes to a beneficiary." O.R.S. § 86.705(8) (formerly O.R.S.

§ 86.705(7)).[1] Under the OTDA, a trustee may conduct a non-judicial foreclosure of a trust deed

by advertisement and sale when certain conditions are met. *See* O.R.S. § 86.752 (formerly O.R.S.

§ 86.735, setting out conditions). In addition to these requirements, the OTDA prescribes notice

requirements that "protect trust deed grantors from unauthorized non-judicial foreclosures and

sales of property." *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 677 (2013); O.R.S. § 86.764

(formerly O.R.S. § 86.740); O.R.S. § 86.782 (formerly O.R.S. § 86.755).  Judicial involvement is

not needed to complete a foreclosure by advertisement and sale, but "the 120-day advance notice

period gives a grantor time to seek judicial intervention in certain circumstances." *Brandrup*, 353

Or. at 677. After the trustee has complied with the statutory notice requirements, and assuming

default is not cured, the property may be sold at a public auction to the highest bidder without

judicial oversight. O.R.S. § 86.782. After such a sale, the trustee may execute and deliver the

deed to the purchaser. O.R.S. § 86.800 (formerly O.R.S. § 86.775). The trust deed must contain,

among other information, "a recital of the facts concerning the default, the notice given, the

conduct of the sale and the receipt of the purchase money from the purchase." *Id.* After a trust

deed is recorded, the deed's recitals are prima facie evidence in any court of the truth of the

matters set forth therein and are conclusive in favor of a purchaser for value who relies on them

in good faith. O.R.S. § 86.803 (formerly O.R.S. § 86.780).

      Plaintiffs' Complaint alleges that the foreclosure sale of their property was unlawful

because neither assignments of the Deed of Trust nor substitution of trustees were recorded in

the county records before the foreclosure sale as required by O.R.S § 86.752 (formerly O.R.S.

---

[1] In 2013, the Legislative Counsel Committee of the Legislative Assembly of the State of Oregon renumbered portions of Title 9, Chapter 86 in the 2013 Oregon Revised Statutes. The Court cites to the 2013 numbering, but on first reference also notes the former numbering in parentheticals.

§ 86.735). This failure to record, Plaintiffs argue, voids the Deed of Trust because it no longer

names a proper beneficiary. Plaintiffs also allege that the original Deed of Trust to WaMu and

assignment to Fidelity National Title Company were unlawful because neither entity was legally

permitted to serve as trustee or beneficiary under Oregon law. Plaintiffs argue that, because these

instruments were unlawful, Chase did not have authority to appoint NWTS as successor trustee,

making the appointment of NWTS and the non-judicial foreclosure sale it conducted null and

void.

Defendants argue that, among other things, Plaintiffs' challenge to the non-judicial

foreclosure sale of the property at issue is barred by O.R.S. § 86.797 (formerly O.R.S. § 86.770).

O.R.S. § 86.797 creates statutory finality for non-judicial foreclosure sales where a challenging

party has received proper notice of sale. In relevant part, it provides:

> (1) If, under ORS 86.705 to 86.815, a trustee sells property
> covered by a trust deed, the trustee's sale forecloses and terminates
> the interest in the property that belongs to a person to which notice
> of the sale was given under ORS 86.764 and 86.774 or to a person
> that claims an interest by, through or under the person to which
> notice was given. A person whose interest the trustee's sale
> foreclosed and terminated may not redeem the property from the
> purchaser at the trustee's sale. A failure to give notice to a person
> entitled to notice does not affect the validity of the sale as to
> persons that were notified.

O.R.S. § 86.797(1). The notice required under O.R.S. § 86.797 is defined by reference to O.R.S.

§ 86.764 and O.R.S. § 86.774. O.R.S. § 86.764 governs the notice that must be provided to the

grantor of the trust deed. *See* O.R.S. § 86.764(2)(a). After the notice of default is recorded and

"at least 120 days before the day the trustee conducts the sale, notice of the sale with the contents

described in O.R.S. § 86.771 must be served pursuant to ORCP 7D(2) and 7D(3) or mailed by

both first class and certified mail with return receipt requested." O.R.S. § 86.764(1).

Beginning with Judge Panner's decision in *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F. Supp. 2d 958 (D. Or. 2013), courts within this district have consistently found that O.R.S. § 86.797 bars a challenge to a completed non-judicial foreclosure sale where timely notice was served. *See, e.g.*, *Morkal v. Fed. Home Loan Mortg. Corp.*, 2014 WL 2041364 (D. Or. May 8, 2014) (Aiken, J.) (granting motion to dismiss where plaintiff did not dispute she received required notice); *Mitchell v. Homesales, Inc.*, 2014 WL 1744991 (D. Or. Apr. 30, 2014) (Simon, J.) (granting motion for summary judgment where notice of the foreclosure sale was given); *Liu v. Nw. Tr. Servs., Inc.*, 2014 WL 657000, at *3-4 (D. Or. Feb. 19, 2014) (Brown, J.) (granting motion for summary judgment on a plaintiff's post-sale challenge to a non-judicial foreclosure because the plaintiff received "notice of the foreclosure sale within the time required under the Oregon Trust Deed Act"); *Baricevic v. Mortg. Elec. Registration Servs., Inc.*, 2014 WL 297091, at *2-3 (D. Or. Jan. 24, 2014) (Mosman, J.) (holding that a plaintiff's claim challenging a final non-judicial foreclosure was barred because the plaintiff received the notice required under O.R.S. § 86.764); *Collette v. Sutherland*, 2014 WL 203922, at *1-2 (D. Or. Jan. 15, 2014) (Aiken, J.) (holding that a completed trustee's sale barred a plaintiff's challenge to a non-judicial foreclosure where the plaintiff did not "allege improper service of the Notice or any failure to provide him with information pertaining to his default or right to cure said default").[2]

---

[2] Although Plaintiffs do not allege that notice of the non-judicial foreclosure sale of their home was deficient under the OTDA, the Court notes that a failure of the notice required by O.R.S. § 86.764 gives the person to whom notice was due "the same rights possessed by the holder of a junior lien or interest who was omitted as a party defendant in a judicial foreclosure proceeding." O.R.S. § 86.761. A junior lienholder would be required to exercise their right of redemption within 60 days after the date of sale. O.R.S. §§ 18.964(2); 88.106. This time period has passed in this case, and Plaintiffs do not allege that they would have or could have redeemed the property. Consequently, even if the statutory notice requirements had not been met, it would not affect the outcome of this case.

Judge Panner's analysis of the OTDA in *Mikityuk* is informative. In that case, Judge Panner analyzed O.R.S. § 86.797 in light of the dual purpose of the OTDA to: (1) "provide 'creditors with a quick and efficient remedy against a defaulting grantor'"; and (2) "'protect the grantor against the unauthorized loss of its property and to give the grantor sufficient opportunity to cure any default.'" *Mikityuk*, 952 F. Supp. 2d at 965, 966 (quoting *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542 (2006)). The text of the notice of sale provision referenced in O.R.S. § 86.797 contains several important components: a 120-day time requirement, a content requirement prescribed by O.R.S. § 86.771, and a service requirement pursuant to the processes described in O.R.S. § 86.764. In balancing the notice requirements against the interest of finality in O.R.S. § 86.797, the court in *Mikityuk* found that, in the legislature's view, "certainty and finality trump the risk . . . of a wrongful sale of property." 952 F. Supp. 2d at 967. The notice requirements referenced in O.R.S. § 86.797 function to "give people whose interest in property could be affected by a pending trust deed foreclosure and sale notice of the sale sufficiently in advance of the sale to enable them to act in their interest." *Id.* at 965 (citing *NW Prop. Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 33 (2012)).

In their response brief, Plaintiffs argue that the present case is distinguishable from the *Mikityuk* line of cases barring post-sale challenges because "the evidence does not indicate any mere violation of the technical requirements of the OTDA" but rather "go[es] to the very identity and authority to conduct a sale." Specifically, Plaintiffs allege that: (1) some unknown third party purchased and securitized the Loan before the FDIC's seizure of WaMu's assets[3]; and (2) that

---

[3] To support this allegation, Plaintiffs provide the expert opinion testimony of Tim Stevenson, who states that "[it] is my expert opinion that a blank endorsement would not have been placed on the subject Note unless the loan was sold by Washington Mutual to another party and unless it was prior to the FDIC taking over Washington Mutual." Mr. Stevenson also states that "[t]here is strong evidence that the subject loan was securitized." Defendants ask the Court

PAGE 7 – OPINION AND ORDER

Chase was only the servicer and not the holder of the Note. Plaintiff, however, provides no

evidence that the loan was purchased or securitized by a third party or that Chase is not the

holder of the Note.[4] Moreover, *Mikityuk* and other cases in this district have consistently held

that post-sale challenges on the grounds that a deed of trust names an improper beneficiary are

barred. *See Collette v. Sutherland*, 2014 WL 203922 (D. Or. Jan. 15, 2014); *Roisland v. Flagstar

Bank, FSB*, 989 F. Supp. 2d 1095, 1106 (D. Or. 2013); *Woods v. US Bank Nat. Ass'n*, 2013 WL

5592962 (D. Or. Oct. 10, 2013). As the *Mikityuk* court explained:

> The legislature provided notice and reinstatement provisions to
> protect grantors against the threat of wrongful foreclosure. Voiding
> the sale here would encourage grantors who receive notice of a
> sale to sit on their rights, rather than compelling grantors to bring
> pre-sale challenges to a trustee's sale. Grantors are wise to raise
> any challenges to non-judicial foreclosure proceedings, including
> challenges based on ORS 86.735, before the statutory presumption
> of finality contained in ORS 86.780. Post-sale challenges run the
> risk of being barred, as is the case here, because the grantors'
> interest in the property was "foreclosed and terminated" pursuant
> to ORS 86.770(1).

*Mikityuk*, 952 F. Supp. at 970 (citation and footnote omitted).  Here, Plaintiffs admit that they are

in default. Plaintiffs also admit that NWTS timely served notice of the foreclosure sale. The time

for Plaintiffs to challenge the authority of Chase and NWTS to conduct the non-judicial

foreclosure sale was within the statutorily-required 120-day period after receiving notice, not

five months after the completion of the foreclosure sale of their home. Because Plaintiffs did not

---

to strike Mr. Stevenson's declaration. Mr. Stevenson's testimony is conclusory and speculative,
and Plaintiff provides no actual evidence establishing that a third party holds the Note or that the
Loan was ever securitized. Accordingly, the Court need not resolve Defendants' Motion to Strike
Mr. Stephenson's testimony. Dkt. 66.

[4] Defendants also correctly note that a loan servicer has the authority to appoint a trustee
and commence non-judicial foreclosure proceedings. *See* O.R.S. §  86A.175(1), (3)(e)(C)
(authorizing loan servicer to exercise "statutory or common law remedies such as injunction,
specific performance, judicial or nonjudicial foreclosure or receivership").

challenge the non-judicial foreclosure sale of their home until after the sale was completed, their interest in the property was foreclosed and terminated by operation of O.R.S. § 86.797. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claims.

Finally, in response to the pending motions for summary judgment, Plaintiffs for the first time allege that O.R.S. § 86.797 violates Plaintiffs' Due Process rights protected by the Fourteenth Amendment of the United States Constitution. This argument is improper. Plaintiffs have not obtained Defendants' consent or the Court's approval to amend their June 2012 complaint.[5] Moreover, even if Plaintiffs' Due Process claim had been properly raised, the Ninth Circuit has long held that non-judicial foreclosure does not implicate the Due Process clause absent "overt official involvement in the enforcement of creditors' remedies." *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (citation omitted); *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) (finding no state action where plaintiffs challenged Nevada's non-judicial foreclosure statute on due process grounds). Plaintiffs do not allege any overt official involvement in the non-judicial foreclosure sale of their home. Accordingly, Defendants are entitled to summary judgment on this claim.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

---

[5] Plaintiffs also have failed to comply with Federal Rule of Civil Procedure 5.1(a), which requires a party "drawing into question the constitutionality of a . . . state statute" to serve the paper raising the question on the state attorney general. The record contains no evidence that Plaintiffs timely filed a notice of constitutional question or timely served it on the state attorney general as required by Fed. R. Civ. P. 5.1(a). Plaintiffs' failure to file and serve the notice, however, does not result in forfeiture of their constitutional claim. Fed. R. Civ. P. 5.1(d).

## CONCLUSION

Defendants' Motions for Summary Judgment (Dkt. 32, 35) are GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE. Defendants' Request for Judicial Notice (Dkt. 65) is GRANTED. Defendants' Motion to Strike (Dkt. 66) is DENIED as moot. All pending motions to compel or for additional discovery are DENIED as moot.

**IT IS SO ORDERED**.

DATED this 30th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge